FILED US District Court-UT
FEB 21 '24 PM 01:35

TRINA A. HIGGINS, United States Attorney (#7349)
TANNER ZUMWALT, Assistant United States Attorney (#18256)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

**SEALED**

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | **INDICTMENT** |
|---|---|
| Plaintiff, | **COUNT 1**: 18 U.S.C. § 287 |
| vs. | Fraudulent Claim Against the United States |
| REECE DENNIS ROBERTS, | **COUNT 2**: 18 U.S.C. § 371 |
| Defendant. | Conspiracy to Defraud the United States |
| | **COUNT 3**: 18 U.S.C. § 641 |
| | Theft of Government Property |
| | **COUNT 4**: 18 U.S.C. § 1956(h) |
| | Conspiracy to Commit Money Laundering |
| | Case: 2:24-cr-00052<br>Assigned To : Barlow, David<br>Assign. Date : 2/20/2024<br>Description: USA v. Roberts |

The Grand Jury charges:

### Background

At all times relevant to this Indictment:

1. REECE DENNIS ROBERTS, defendant herein, was a Colonel in the U.S.

Army Reserve, who resided in the state of Utah.

2.      Beginning in or around June 2020 and continuing through July 2021, ROBERTS served on active duty with the 76th Operational Response Command.

3.      The 76th Operational Response Command is the U.S. Army Reserve's Center for Defense Support of Civilian Authorities, responsible for providing support to state and local officials, first responders and other federal agencies during emergencies or natural disasters. It is headquartered at the Steven A. Douglas Armed Forces Reserve Center (Fort Douglas) in Salt Lake City, Utah.

4.      The Defense Finance and Accounting Service is an agency of the United States, which oversees payments to Department of Defense servicemembers, employees, vendors, and contractors.

### **Temporary Change of Station (TCS) Entitlements**

5.      When an Army reservist is called to active duty with TCS orders, their entitlements will depend partly on whether their primary residence is within commuting distance of their new duty station. If they reside within commuting distance, the reservist is entitled to receive base pay and, if otherwise eligible, basic allowance for housing (BAH).

6.      If the reservist resides outside commuting distance, they may receive additional entitlements, including per diem for meals and incidentals (M&IE) and lodging expenses. Additionally, the reservist may be entitled to receive a family separation

allowance.

## The Scheme to Defraud

7. Beginning in or around June 2020 and continuing through July 2021, ROBERTS and an unindicted co-conspirator whose identity is known to the Grand Jury (UCC) engaged in interrelated fraud and money laundering conspiracies to obtain more than $60,000 in TCS entitlements and family separation allowances that ROBERTS was not eligible to receive. During this time, ROBERTS and UCC knowingly devised and executed a scheme and artifice to defraud the United States, to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

8. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, ROBERTS, alone and in combination with others whose identities are known and unknown to the Grand Jury:

   a. Misrepresented his primary address as an out-of-state address to obtain TCS entitlements he was not eligible to receive;

   b. Falsely claimed entitlement to a family separation allowance;

   c. Fabricated a lease agreement and residential listing for a house ROBERTS claimed as a lodging expense but never rented or occupied;

   d. Used numerous bank accounts and money transfers to facilitate sham rent payments that were reported by ROBERTS as payments to a third party but

never paid as such; and

e. Recruited a third person whose identity is known to the Grand Jury to receive and remit sham rent payments to ROBERTS or UCC under false pretenses.

9. It was the object of the scheme and artifice to defraud for ROBERTS to obtain TCS entitlements and a family separation allowance by misrepresenting his and his dependents' primary residence and submitting false vouchers.

## COUNT 1
18 U.S.C. § 287
(Fraudulent Claim Against the United States)

10. The factual allegations contained in paragraphs 1 – 9 of this Indictment are realleged and incorporated as if fully set forth herein.

11. Beginning in or around June 2020 and continuing through July 2021, within the District of Utah and elsewhere,

REECE DENNIS ROBERTS,

defendant herein, knowingly and intentionally presented to the Defense Finance and Accounting Service, an agency of the United States, a false and fraudulent claim, for the purpose of wrongfully obtaining approximately $62,160.84 in temporary change of station entitlements and family separation allowances, in violation of Title 18, United States Code, Section 287.

## COUNT 2
18 U.S.C. § 371
(Conspiracy to Defraud the United States)

12.     The factual allegations contained in paragraphs 1 – 11 of this Indictment are realleged and incorporated as if fully set forth herein.

13.     Beginning in or around June 2020 and continuing through July 2021, within the District of Utah and elsewhere,

REECE DENNIS ROBERTS,

defendant herein, and other individuals not named herein whose identities are known and unknown to the Grand Jury, did knowingly and intentionally conspire, combine, confederate and agree together and with each other to defraud the United States in violation of Title 18, United States Code, Section 371.

14.     It was the purpose and object of the conspiracy for ROBERTS and others whose identities are known and unknown to the Grand Jury to unlawfully, knowingly, and intentionally defraud the United States of America and an agency thereof, that is, the Defense Finance and Accounting Service, by misrepresenting ROBERTS' and his dependents' primary residence, fabricating lease and listing documents, orchestrating and processing sham rent payments, and submitting false vouchers for reimbursement by an agency of the United States, all to receive temporary change of station entitlements and family separation allowances for which ROBERTS was not eligible.

15.     The manner and means by which ROBERTS and others whose identities are

5

known and unknown to the Grand Jury, alone and in combination, sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

    a. Recruiting a third person whose identity is known to the Grand Jury to receive and remit sham rent payments from and to ROBERTS or UCC under false pretenses;

    b. Transferring sham rent payments to this third person from one of ROBERTS' or UCC's Venmo accounts, with instructions to remit the money to a specified account at a later time;

    c. Submitting false vouchers to an agency of the United States, claiming reimbursement for the sham rent payments; and

    d. Continuing to reference the sham rent payments as support for false vouchers even after the sham rent payments to the third person stopped.

16. On or about the dates set forth below, within the District of Utah and elsewhere, ROBERTS and others whose identities are known and unknown to the Grand Jury, caused the following sham rent payments, among others, to be made for the purpose of later claiming reimbursement from an agency of the United States:

| Overt Act | Date Received (on or about) | Date Remitted (on or about) | Amount | False Voucher Filed (on or about) |
|---|---|---|---|---|
| A | 8/10/2020 | 8/11/2020 | $3,700 | 9/01/2020 (#2FXRA3) |
| B | 9/01/2020 | 9/02/2020 | $3,700 | 9/03/2020 (#2G9RVL) |
| C | 10/06/2020 | 10/07–09/2020 | $3,700 | 10/09/2020 (#2GOQKI) |
| D | 11/03/2020 | 11/06/2020 | $3,700 | 11/11/2020 (#2GX6YN) |

All in violation of Title 18, United States Code, Section 371.

## COUNT 3
18 U.S.C. § 641
(Theft of Government Property)

17. The factual allegations contained in paragraphs 1 – 16 of this Indictment are realleged and incorporated as if fully set forth herein.

18. Beginning in or around June 2020 and continuing through July 2021, within the District of Utah and elsewhere,

REECE DENNIS ROBERTS,

defendant herein, knowingly stole and converted to his own use money, namely approximately $62,160.84, from the Defense Finance and Accounting Service, an agency of the United States, in violation of Title 18, United States Code, Section 641.

## COUNT 4
18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

19. The factual allegations contained in paragraphs 1 – 18 of this Indictment are realleged and incorporated as if fully set forth herein.

20. Beginning in or around June 2020 and continuing through July 2021, within the District of Utah and elsewhere,

REECE DENNIS ROBERTS,

defendant herein, and others whose identities are known and unknown to the Grand Jury,

did knowingly and willfully combine, conspire, confederate, and agree together and with each other, with interdependence among the members of the conspiracy, to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the Conspiracy to Defraud the United States and Theft of Government Property, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

21. It was the purpose and object of the conspiracy for ROBERTS and others whose identities are known and unknown to the Grand Jury, to conceal and disguise the nature, location, source, ownership, and control of proceeds from the Conspiracy to Defraud the United States and Theft of Government Property, in violation of Title 18, United States Code, Sections 371 and 641, respectively. It was also the purpose and object of the conspiracy to further the schemes and to illegally enrich ROBERTS and others.

22. The manner and means by which ROBERTS and others whose identities are known and unknown to the Grand Jury, alone and in combination, sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

    a. Recruiting a third person whose identity is known to the Grand Jury to

receive and remit sham rent payments from or to ROBERTS or UCC under false pretenses;

b. Transferring sham rent payments, derived in whole or in part from ROBERTS' specified unlawful activity, to this third person from one of ROBERTS' or UCC's Venmo accounts, with instructions to remit the money to another account at a later time;

c. Transferring the remitted sham rent payments from one of ROBERTS' or UCC's Venmo accounts to a bank account under ROBERTS' control;

d. Transferring sham rent payments, derived in whole or in part from ROBERTS' specified unlawful activity, from an account under the control of ROBERTS and others to an account under the control of ROBERTS via Apartments.com, before remitting; and

e. Submitting false vouchers to an agency of the United States, claiming reimbursement for the sham rent payments.

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense charged herein in violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States all property, real or personal, that constitutes or is derived from proceeds traceable to the offense.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h), the defendant shall forfeit to the United States any property, real or personal, involved in the money laundering conspiracy, and any property traceable to such property.

The United States may seek a forfeiture money judgment and the forfeiture of substitute assets as allowed by 21 U.S.C. § 853(p).

A TRUE BILL:

/S/
_____
FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
TANNER ZUMWALT
Assistant United States Attorney